UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division



DEC 6 2012

CLERK, US DISTRICT COURT
NORFOLK, VA

PATRICK CAVALIERE,

        Plaintiff,

v.

        ACTION NO. 2:11cv649

AMERICAN GFM CORPORATION,

        Defendant.

## MEMORANDUM OPINION AND FINAL ORDER

Plaintiff filed this pro se action claiming employment discrimination. Defendant moved for summary judgment. Plaintiff was advised of his right to respond and that he "must identify all facts stated by Defendant with which [he] disagrees and must set forth [his] version of the facts by offering affidavits (written statements signed before a notary public and under oath) or by filing sworn statements (bearing a certificate that it is signed under penalty of perjury); . . . . " D.E. # 17. Plaintiff did oppose the summary judgment motion, but he offered no affidavits or sworn statements. For the reasons set forth below, the court will grant Defendant's motion for summary judgment.

### I. Applicable Procedural Standards

Summary judgment is appropriate when "the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Facts are construed in the light most favorable to the non-movant,

and the court may not make credibility determinations or weigh the evidence. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Edell & Assocs., P.C. v. Law Offices of Peter G. Angelos, 264 F.3d 424, 435 (4th Cir. 2001). Nonetheless, there must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (internal citations omitted). Conclusory statements, unsupported assertions, and "self-serving opinions without objective corroboration" are not sufficiently probative to survive summary judgment. Evans v. Technologies Applications & Serv. Co., 80 F.3d 954, 962 (4th Cir. 1996).

Plaintiff did not comply with applicable rules governing summary judgment motions. Under both Fed. R. Civ. P. 56(c) and this court's Local Rule 56, Plaintiff was required to identify specifically the facts proposed by the Defendant with which he disagreed and to cite evidentiary support for the disagreement. Plaintiff did not do so. Instead, he offered his own version of the alleged facts, without citing any record evidence. Plaintiff also attached some documents to his oppositions, most of which are the same documents relied upon by Defendant. Plaintiff did not file any affidavits, statements, or deposition testimony. He did include a purported "Oath" in his pleadings opposing summary

judgment (D.E. ## 18 and 19), but the "Oaths" do not state that the statements in the pleadings were made under penalty of perjury. Thus, Plaintiff has not produced any evidence that the court may technically consider. Therefore, the court accepts as true all the facts offered by Defendant. D.E. # 16 at 7-12. Under these facts, summary judgment is clearly appropriate.

Nevertheless, in deference to Plaintiff's pro se status, the court has reviewed Plaintiff's submissions to identify any factual disagreements that would have been material if they had been presented properly. Plaintiff clearly does disagree with some of Defendant's assertions. Yet, Plaintiff does not dispute the facts that are material to the dispositive issues in this case. See Anderson, 477 U.S. at 248 ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."). The dispositive facts are set forth below.

## II. Facts Material to the Court's Ruling

Plaintiff was hired by Defendant as a temporary contract engineer in 2006 and as a permanent Design Engineer in 2007. Plaintiff's job title never changed. He was evaluated in 2008 and 2009, receiving both times a composite score of 2.5 on a scale of 1-5. Plaintiff contends he was never "written up" formally (although the court has no evidence of Defendant's policies with regard to "write-ups") and that he had received pay raises and

bonuses each year. Plaintiff does not dispute, however, that the raises and bonuses were declining over the course of his employment and in every case but one[1] were less than his coworkers on both an absolute and percentage of salary basis.

Plaintiff's supervisor was Brad Fair. Fair repeatedly had complained both orally and in writing about Plaintiff's job performance. Multiple documents dating from 2009 through 2010 reflect Defendant's dissatisfaction with Plaintiff's mistakes and technical expertise. In a March 2010 email, Fair specifically complained about Plaintiff's technical performance and concluded the email with the following warning, "Bottom line, you must vastly improve in this area or you will not remain at AGFM." D.E. # 16 Ex. 5 at 2. Plaintiff does not dispute that he made mistakes or missed deadlines, but he just claims they were "normal" mistakes as he was learning the job or that they were a result of understaffing and tight schedules. He presented no evidence, however, about error rates or the errors of other employees. He did not counter the specific evidence offered by Defendant about the nature of and impact of his mistakes. Fair Aff. (D.E. # 16 Ex. 6). Plaintiff does not dispute that he intentionally misrepresented his engineering expertise when applying for the job. Instead of the seventeen years of engineering experience he claimed on his

---

[1] One employee did receive a lower bonus and lower raises, but he was also terminated for performance reasons after four years of employment, as was Plaintiff.

application, Plaintiff had only twenty-six months of engineering experience.[2]

On August 25, 2010, Plaintiff was involved in a workplace altercation with another employee during which Plaintiff yelled at the other employee. Immediately thereafter, Plaintiff was told to report to a meeting to discuss his unprofessional conduct. Plaintiff asked to speak with Fair before the meeting. Plaintiff then disclosed to Fair and the manager in training, Chester Chen, that he was undergoing treatment for depression. Prior to this time, Plaintiff had not disclosed any mental or physical illness to his employer or any co-worker. Defendant requested that Plaintiff be evaluated by a physician and cleared for working. Plaintiff's treatment provider opined on August 31, 2010, that Plaintiff could work without restriction. She did not state that any accommodation was needed, and Plaintiff did not subsequently request any accommodation. After the altercation incident, Plaintiff does not dispute that his depression or his treatment for depression was not discussed again. Defendant did not discipline Plaintiff in connection with the incident.

Chen began reviewing Plaintiff's work in the summer of 2010 in connection with his upcoming promotion. On October 15, 2010, Chen

---

[2]Plaintiff claims that many of his mistakes were due to a "learning curve." Given the substantial discrepancy between his claimed experience and his actual experience, Plaintiff more accurately faced a "learning mountain" created by his misrepresented credentials.

sent Fair an email, in which he recommended that Plaintiff be discharged for unsatisfactory work performance. On October 21, 2010, Plaintiff was terminated for the articulated reasons of procrastination and lack of productivity, technical incompetency, and an unacceptable level of mistakes. Plaintiff timely filed a charge of discrimination with the EEOC, asserting that he was wrongfully terminated. He did not claim a failure to accommodate a disability or retaliation. In this litigation, Plaintiff stipulated that he was discharged for "performance issues." Final Pretrial Order at 2, 11 (D.E. # 25).

## III. Analysis

Plaintiff's Amended Complaint asserts three counts: Wrongful Termination, Failure to Accommodate, and Retaliation. The retaliation claim, Count III, was dismissed by Consent Order dated November 27, 2012. This court has jurisdiction only over claims first presented to the EEOC. Bryant v. Bell Atl. Md., Inc., 288 F.3d 124, 132 (4th Cir. 2002); Davis v. N.C. Dep't of Corr., 48 F.3d 134, 138-40 (4th Cir. 1995). "Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit." Chacko v. Patuxent Inst., 429 F.3d 505, 506 (4th Cir. 2005) (quoting Evans, 80 F.3d at 963). Here, Plaintiff presented only a claim of wrongful termination to the

EEOC. Plaintiff's EEOC Charge mentions only his termination, and Plaintiff specified that the only date of discrimination was the date of his termination, October 21, 2010. Further, Plaintiff admits he had not requested any accommodation on the basis of any disability prior to his termination. Pl.'s Dep. Tr. at 307-08 (D.E. # 22, Ex. 13 at 2-3). Accordingly, Count II, which alleges a Failure to Accommodate, is **DISMISSED**.

Plaintiff did present a claim of wrongful termination to the EEOC. Plaintiff contends that he was terminated because of a disability. To establish a prima facie case of wrongful termination under the ADA, "a plaintiff must show that (1) []he was a 'qualified individual with a disability'; (2) []he was discharged; (3) []he was fulfilling h[is] employer's legitimate expectations at the time of discharge; and (4) the circumstances of h[is] discharge raise a reasonable inference of unlawful discrimination." <u>Rohan v. Networks Presentations LLC</u>, 375 F.3d 266, 272 n.9 (4th Cir. 2004).

Defendant contends that Plaintiff has not established the third element of a prima facie case, specifically that he was performing his job duties at a level that met the employer's legitimate expectations. Plaintiff contends his performance was adequate, but he has not introduced evidence that counters Defendant's evidence of its dissatisfaction with his performance. Specifically, Defendant introduced an affidavit by Fair that

details numerous problems and the negative impacts of these problems. Fair attested that Plaintiff "never came close to th[e] level of performance" expected for a senior level engineer. Fair Aff. ¶ 23 (D.E. # 16 Ex. 6). Defendant introduced documents evidencing Defendant's dissatisfaction with Plaintiff that predated the disclosure of Plaintiff's condition. Beginning in 2009, Fair noted that Plaintiff had been kept as an employee "against the advice of many" and that these problems had been discussed with Plaintiff many times. Id. Ex. 4. Fair noted that Plaintiff's errors were "very embarrassing" for Defendant. Id. Ex. 3. Fair specifically noted the need for improved technical performance and better time management. Id. Ex. 4. A year later in March 2010, Fair emailed again about Plaintiff's errors and said that his mistakes were "the one issue I cannot tolerate any longer." Id. Ex. 5 at 1. The email warned Plaintiff: "Bottom line, you must vastly improve in this area or you will not remain at AGFM." Id. at 2.

Plaintiff attempts to downplay these admitted errors, but all he offers his own self-assessment that he was performing adequately. This is insufficient. King v. Rumsfeld, 328 F.3d 145, 149 (4th Cir. 2003) (noting employee's "own testimony, of course, cannot establish a genuine issue as to whether [employee] was meeting [employer's] expectations"); Bryant, 288 F.3d at 134-35 (noting that a plaintiff's subjective beliefs, without more, do not

create a genuine issue of material fact). Rather, it is the perception of employer that is determinative. <u>Evans</u>, 80 F.3d at 960-61. Plaintiff points to what he claims is increased responsibility, raises and bonuses, lack of write-ups, and acceptable evaluations as evidence of his competency. Yet, Plaintiff presented no evidence that the shift in his job responsibilities indicated acceptable performance of his core job functions, that Plaintiff's raises and bonuses indicated acceptable performance when they were less than coworkers' raises and bonuses, or that his 2008 and 2009 mediocre evaluations indicate acceptable performance. Accordingly, Plaintiff has presented no evidence from which a jury could reasonably conclude that he was performing adequately at the time of his termination. <u>See Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc.</u>, 53 F.3d 55, 62 (4th Cir. 1995).

Finally, Plaintiff recounts the bad behavior of other employees and contends that because their behavior was "worse," he should not have been terminated. Plaintiff was not terminated, however, for the altercation incident or for behavioral issues but for issues related to competency. Plaintiff has not produced any evidence that these other employees had similar issues with their competency but were not discharged. Although Plaintiff contends that the other employee's conduct issues were "more egregious than work performance issues" (D.E. # 21 at 2), that determination is solely in the province of Defendant as the employer. An employer's

paramount requirement that employees perform their job duties correctly and reliably is certainly not surprising.

Even assuming Plaintiff had established a prima facie case, summary judgment would still be appropriate because Plaintiff introduced insufficient evidence that could indicate pretext. If a prima facie case had been established by Plaintiff, the burden of production would shift to Defendant to set forth a "legitimate, nondiscriminatory reason for the adverse employment action." Hill v. Lockheed Martin Logistics Mgmt., Inc., 354 F.3d 277, 285 (4th Cir. 2004). Here, Defendant has set forth such reasons. Accordingly, the burden would then shift back to Plaintiff, who would be required "to prove by a preponderance of the evidence that the employer's stated reasons 'were not its true reasons, but were a pretext for discrimination.'" Hill, 354 F.3d at 285 (quoting Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 143 (2000)). A plaintiff can make the required showing by establishing "that the employer's proffered explanation is unworthy of credence." Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 256 (1981). To do this, a "plaintiff must prove 'both that the reason was false, and that discrimination was the real reason' for the challenged conduct." Jiminez v. Mary Washington Coll., 57 F.3d 369, 378 (4th Cir. 1995) (citations omitted). "[P]laintiff's own assertions of discrimination in and of themselves are insufficient to counter substantial evidence of legitimate nondiscriminatory

reasons for an adverse employment action." <u>Williams v. Cerberonics,</u> <u>Inc.</u>, 871 F.2d 452, 456 (4th Cir. 1989).

Here, Defendant's stated reasons for the termination have not shifted, as might be the case if the reasons were pretextual. The reasons given by Defendant contemporaneously for Plaintiff's termination in writing are the same reasons asserted during this litigation. <u>Cf.</u> <u>Holland v. Washington Homes, Inc.</u>, 487 F.3d 208, 212, 221-22 (4th Cir. 2007)(noting pretext could be indicated when employer offers multiple, inconsistent justifications).

Plaintiff has alleged that both Chen and Fair made statements that show pretext. Plaintiff has submitted no evidence in support of any comment by Chen as allegedly recounted to Plaintiff by coworker Brown. Brown is deceased, so any purported statement by Chen would be inadmissible hearsay in any event. Plaintiff further alleges, without any evidentiary support, that Fair said after the altercation that, "we are concerned having someone like you working here." Plaintiff interprets this statement as indicative of a discriminatory intent against mental illness. Both Fair and Chen deny under oath that any such statement was made. Plaintiff has not provided any affirmative evidence of such a statement. However, even were the court to assume that the comment had been made, such a comment would not prevent a grant of summary judgment, for "[t]o be probative evidence of discrimination, the statements must have a nexus to the adverse employment action." <u>Hale v. Con-Way Transp.</u>

11

<u>Servs., Inc.</u>, 428 F. Supp. 2d 471, 478 (E.D. Va. 2006). Fair's alleged statement was made at the time of the incident (August 2010), not at time of termination (October 2010), and was not specific to any disability. Plaintiff further testified in his deposition that Fair expressed concern for the safety of other workers with regard to workplace violence at the time he made the statement, a concern that is entirely appropriate and not indicative of any discriminatory motive. <u>See</u> 29 C.F.R. 1630 app. § 1630.2(r) (permitting employers to consider whether employee's disability poses a threat to others). Accordingly, Plaintiff has presented no sufficiently probative evidence that would indicate that the reasons given for Plaintiff's termination were pretextual and that the actual reason was discriminatory.

Nor could the EEOC's finding of reasonable cause to believe discrimination had occurred save Plaintiff's case. The sole factors alleged in its Determination are that the termination was two months after Plaintiff's disclosure of depression and that Defendant "discharged a non-disable [sic.] employee after years of documented poor performance." D.E. # 19 Ex. 1 at 12. Apparently, the EEOC concluded that the other incompetent but non-disabled employee was retained longer than Plaintiff. As both the non-disabled employee and Plaintiff each worked for Defendant for four years, the EEOC's finding appears to have been premised upon an incorrect fact. Therefore, the EEOC's Determination is not

sufficiently probative to prevent a grant of summary judgment. <u>See</u> <u>Goldberg v. B. Green & Co., Inc.</u>, 836 F.2d 845, 848 (4th Cir. 1988).

The court understands that Plaintiff contends he should not have been fired and that the firing was unfair. The court is not, however, tasked with deciding the fairness of the termination. The court's role is not to assess the wisdom of particular employment decisions. As the Fourth Circuit has explained,

> A federal court "does not sit as a kind of super-personnel department weighing the prudence of employment decisions made by firms charged with employment discrimination." <u>DeJarnette v. Corning, Inc.</u>, 133 F.3d 293, 299 (4th Cir. 1998) (internal quotation marks omitted). "Our sole concern is whether the reason for which the defendant discharged the plaintiff was discriminatory." <u>Id.</u> If the employer's reason for termination is not forbidden by law, "it is not our province to decide whether the reason was wise, fair *or even correct*, ultimately, so long as it was truly the reason for the plaintiff's termination." <u>Id.</u> (emphasis added).

<u>Cupples v. AmSan, LLC</u>, 282 Fed. Appx. 205, 210, No. 07-1403, 2008 WL 2369174, *5 (4th Cir. June 10, 2008). Here, Plaintiff has simply not established through evidence that he was terminated because of any disability.

## IV. Conclusion

For the reasons set forth above, the court **GRANTS** Defendant's Motion for Summary Judgment. The Clerk shall enter judgment for Defendant on Counts I and II of the Amended Complaint.

Plaintiff is **ADVISED** that he may appeal from this Memorandum Opinion and Final Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. Said written notice must be received by the Clerk of this court within (30) days from the date of this Memorandum Opinion and Order. If Plaintiff wishes to proceed *in forma pauperis* on appeal, the application to proceed *in forma pauperis* is to be promptly submitted to the Clerk, United States Court of Appeals, Fourth Circuit, 1100 E. Main Street, Richmond, Virginia 23219.

The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Final Order to Plaintiff and counsel for Defendant.

IT IS SO **ORDERED**.

/s/

Rebecca Beach Smith
Chief
United States District Judge

Norfolk, Virginia

December 5 , 2012

14